Haynes, J.
We have heard the argument of counsel, and have endeavored to give this case a thorough examination — sufficient, at least, to satisfy ourselves fully how we ought to decide it; but we do not deem it necessary to go into the delivery of a lengthy opinion in the case. Judge Pugsley, in delivering the opinion of the court of common pleas, took very great pains, and at great length, stated his views of the case, and did very fully, and, of course, very ably; and with that opinion we are fully satisfied, with a single exception, and I will permit his statement of his views to stand as our statement of our views cf the case. The exception is with regard to the statute of limitations. He says, very properly, that the question of the statute of limitations is one of great *591 doubt, but he arrives at the conclusion that the statute of ten years covers the casé. We say with him that the question is not a clear onp, by any means, but we think the better opinion is that the statute of fifteen years should govern. An examination of the Compton case, which we are bound to follow, and which we do follow, will show, we think, that that case is based upon two propositions, or two causes of action, if you please to call them so; one is, that the corporation will not be permitted to transfer all its property under the terms of the statute without really creating a lien in favor of these creditors. And it was upon that proposition that one of the judges of the supreme court dissented, following as he stated the decision of the supreme court of the United States in the case of Hamm v. The Wabash Ry. Co. The other proposition seems to be upon the ground of the agreement that was entered into by the companies at the time of consolidation, and makes that the basis of the action. One of those, in our judgment, would be founded on contract, and would be governed by the fifteen years’ statute of limitation, and the other would be founded upon a statute,or liability, perhaps, the equity arising out of the general law of the subject, anu be governed by the ten years’ clause. The best light that we can obtain from the authorities is, that the-statute of limitations in a case of tjiat kind, ought to be uniform; and further, that the statute of limitations should be based upon the longest term given to.bring the suit. For these reasons we have come to the conclusion that he fifteen years’ clause should govern.
Mr. Smith: Judge Pugsley did find it necessary to examine the question of abatement. We understand your honors do note express any opinion on that feature of it?
Haynes, J: No.
Mr. Smith: The decree in this case will include the coupons for the four years between 1875 and 1879 that were excluded — which includes them all?
Haynes, J: Yes; that may be done.